UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

UNITED STATES OF AMERICA ex rel.
RAFAEL MANUEL PANTOJA,

                                         Plaintiff,

- versus -

CITIGROUP, INC., CITIBANK, N.A., and
CITIMORTGAGE, INC.,

                                         Defendants.

ORDER
12-CV-4964 (JG)

JOHN GLEESON, United States District Judge:

        On September 23, 2012, *pro se* plaintiff Rafael Manuel Pantoja filed a complaint alleging fraud against Citigroup, Inc. and two of its subsidiaries, ostensibly on behalf of the United States, under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). His request to proceed *in forma pauperis* is granted. Because Pantoja cannot proceed *pro se* as a relator in a *qui tam* case, the complaint is dismissed.

## BACKGROUND

        Pantoja alleges that between a period in 2001 and December 31, 2011, Citigroup, Inc., Citibank, N.A., and CitiMortgage, Inc. ("Citigroup") participated in various programs funded by the United States government (compl. ¶ 7) and committed unlawful acts in the origination of "8 subject mortgage loans" with its affiliated entity – ABN Amro Mortgage Group ("AAMG"). Specifically, Pantoja alleges, *inter alia*, that "[t]he Bank made false, misleading or fraudulent representations (or was involved in a scheme to defraud consisting solely of such a false, misleading or fraudulent representation) to the unqualified borrowers in connection with the defendant Citigroup's or its affiliated entity's making of the 8 residential mortgage loans to such unqualified borrowers" and knowingly failed to comply with Freddie Mac requirements. Compl. ¶ 9(A), (D). Further, "the Bank" made a series of false statements, certifications,

representations, and claims to the Federal Housing Administration and other federal agencies, requesting and receiving payments from the government.  Compl. ¶¶ 10, 12-15.

Pantoja alleges that Citigroup's actions caused him to be prosecuted, convicted,[1] and subject to restitution claims in the amount of $1,338,902 in connection with unspecified crimes related to the "8 subject mortgage loans."  Compl. ¶¶ 16-19, 22.  Pantoja does not claim that he is suing on behalf of the federal government, nor does he demand recovery for the government pursuant to the False Claims Act.  He requests that judgment be entered in his favor and against the defendant Bank in the total amount of $9 million.

## DISCUSSION

A.   *Standard of Review*

In reviewing the complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Moreover, a plaintiff seeking to bring a lawsuit in

---

[1] Pantoja had a criminal case pending in this Court, *United States v. Pantoja*, No. 08-cr-212 (BMC), in which he pled guilty on February 17, 2010 and was sentenced on October 15, 2012.

federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).

B.     *The False Claims Act*

The FCA provides for liability when any person knowingly presents, or causes to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval. 31 U.S.C. §§ 3729(a)(1)(A); (b)(2)(A)(i). Pursuant to 31 U.S.C. § 3730(b), a private individual, known as a relator, "may bring a civil action for a violation of section 3729 for the person and for the United States Government . . . in the name of the Government." 31 U.S.C. § 3730(b)(1). "[A]lthough *qui tam* actions allow individual citizens to initiate enforcement against wrongdoers who cause injury to the public at large, the Government remains the real party in interest in any such action." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990). The *qui tam* relator stands in the shoes of the government; he is not acting on his own behalf.

The circumstances under which civil litigants may appear without counsel are limited by statute. Specifically, 28 U.S.C. § 1654 provides that in federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Because the statute permits parties only to "plead and conduct their own cases personally," *id.*, "an individual who is not licensed as an attorney 'may not appear on another person's behalf in the others cause.' " *Machadio v. Apfel,* 276 F.3d 103, 106 (2d Cir. 2002) (quoting *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998)). That is, in order to proceed *pro se,* "[a] person must be litigating an interest personal to him." *Iannaccone,* 142 F.3d at 558 (citing *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir. 1997)).

While the FCA permits relators to control the FCA litigation, the claim itself belongs to the United States. *See Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 774-75 (2000)*; cf.* 31 U.S.C. § 3730(c)(5) (providing that as an alternative to bringing a civil suit, "the Government may elect to pursue its *claim* through any alternate remedy available to the Government") (emphasis added). "Accordingly, as the United States remains the real party in interest in *qui tam* actions . . . the case, albeit controlled and litigated by the relator, is not the relator's own case as required by 28 U.S.C. § 1654, nor one in which he has an interest personal to him." *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal citations omitted). Because relators lack a personal interest in FCA *qui tam* actions, Pantoja is not entitled to proceed *pro se*.

Accordingly, Pantoja's complaint is dismissed in its entirety.

## CONCLUSION

For the reasons stated above, the complaint is dismissed. The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal taken from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: February 5, 2013
      Brooklyn, New York

4