UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

UNITED STATES OF AMERICA ex rel.
RAFAEL MANUEL PANTOJA,

        Plaintiff,

- versus -

CITIGROUP, INC., CITIBANK, N.A., and
CITIMORTGAGE, INC.,

        Defendants.

ORDER
12-CV-4964 (JG)

JOHN GLEESON, United States District Judge:

   By Order dated February 5, 2013, I dismissed *pro se* plaintiff Rafael Manuel Pantoja's September 23, 2012 action against Citigroup, Inc. and two of its subsidiaries, filed ostensibly on behalf of the United States, under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). Judgment was entered on February 6, 2012. On February 6, 2012, I issued a subsequent Order acknowledging plaintiff's January 22, 2013 Amended Complaint and dismissing the Amended Complaint based on the same rationale set forth in my previous order. On March 19, 2013, Pantoja filed a motion to reconsider the February 5, 2013 Order. For the reasons discussed below, the motion to reconsider the February 5, 2013 Order is denied.

   The standard for granting a motion to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure or Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is strict. Reconsideration will generally be denied unless the moving party can point to either controlling decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Pantoja's March 19, 2013 submission fails to allege any controlling legal arguments or facts that this Court overlooked. Pantoja argues that the Court erred in its conclusion that "Pantoja cannot proceed *pro se* as a relator in a *qui tam* case." Dkt. No. 5 at 1. Pantoja acknowledges that a *qui tam* suit must be brought on behalf of the United States Government and that the relator must be represented by counsel where the United States is the real party in interest. Mot. for Recon. at 4. However, he argues, "the pro se status of the Relator is only relevant in a qui tam **non-intervened** case." *Id.* (emphasis in original). Pantoja offers no legal support for this distinction. The FCA specifically holds that "[t]he action shall be brought in the name of the Government." 31 U.S.C. § 3730 (b)(1). Therefore, the *qui tam* relator stands in the shoes of the government; he is not acting on his own behalf. A person "who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). The government's subsequent decision whether or not to intervene in the FCA action does not change the initial proceeding on its behalf.

I find no error in law or overlooked factual information that would alter my prior conclusion. Pantoja's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        So ordered.

        John Gleeson, U.S.D.J.

Dated: September 26, 2013
      Brooklyn, New York